RECEIVED
IN ALEXANDRIA, LA

MAY 12 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **JOHNNY JOSEPH GREEN**<br>   **FED. REG. #11870-035**<br>**VS.** | **CIVIL ACTION NO. 1:10-cv-0300**<br>**SECTION P**<br>**JUDGE DEE D. DRELL** |
| **MARINA MEDINA, WARDEN** | **MAGISTRATE JUDGE JAMES D. KIRK** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Johnny Joseph Green filed the instant petition for writ of *habeas corpus* (28 U.S.C. §2241) on February 11, 2010. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is incarcerated at the Federal Corrections Institute, Pollock, Louisiana. He complains that the BOP have not afforded him credit against his federal sentence for time spent in the custody of the State of Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

### Background

On March 9, 2003 petitioner was arrested and charged with attempted first degree robbery by the Sulphur, Louisiana Police Department. [Doc. #1-2, p. 1] On June 10, 2003, he was indicted by the federal grand jury and charged with being a felon in possession

of a firearm. [U.S.A. v. Green, 2:03-cr-20044 at Doc. #1] On September 15, 2003 he entered into a plea agreement with the United States Attorney and pled guilty as charged to being a felon in possession of a firearm. Among other things, the government agreed "... not to oppose the defendant's request that the sentence ... run concurrent with any state sentence that may be imposed on a state parole violation..." and to "request that the State of Louisiana not purse armed robbery charges, or any other pending felony charges, against the defendant..." [U.S.A. v. Green, 2:03-cr-20044 at Doc. #21, ¶2(C) and (D)] On March 8, 2004 he was sentenced by Judge Haik to serve "...180 months incarceration to run consecutively with any other sentence." [U.S.A. v. Green, 2:03-cr-20044 at Doc. #28]

On March 11, 2004 he was returned to State custody and on May 26, 2004 his parole was revoked. [Doc. #1-2, p. 2]

On April 26, 2004 he filed a *pro se* Motion to Vacate pursuant to 28 U.S.C. §2255 alleging, among other things, that the plea agreement was violated when his federal sentence was not ordered to run concurrently with his State sentence and that consequently his court-appointed attorney rendered ineffective assistance. U.S.A. v. Green, 2:03-cr-20044 at Doc. #31] On July 31, 2006 Judge Haik denied the Motion to Vacate noting,

> During the guilty plea Defendant understood and answered in the affirmative, the Court's question, 'Do you understand that any recommendation of a sentence agreed to by your counsel and the United States Attorney is not

> binding on the Court, and that you might, on the basis of your guilty plea, receive a more severed sentence than is requested or recommended.' Furthermore, Defendant responded 'yes' to the Court's question, 'And further do you understand that if a sentence is more severe than you expected, you will still be bound by your plea and you will have to right to withdraw it?'...
>
> <u>During the sentencing hearing, Defendant's counsel did raise the issue about concurrent sentences. The Court, however, in its authority and pursuant to the United States Sentencing Guidelines, imposed the federal sentence to run consecutively to any state sentence</u>.
>
> [<u>U.S.A. v. Green</u>, 2:03-cr-20044 at Doc. #48 (emphasis supplied)]

On August 7, 2006 petitioner filed a Supplemental Motion to Vacate again arguing that he was entitled to have his federal and state sentences run concurrently. [<u>U.S.A. v. Green</u>, 2:03-cr-20044 at Doc. #51] On August 11, 2006 Judge Haik again rejected his claim. [<u>U.S.A. v. Green</u>, 2:03-cr-20044 at Doc. #52] Ultimately, his request for a Certificate of Appealability on this and other issues was rejected by the Fifth Circuit Court of Appeals on July 11, 2007. [<u>U.S.A. v. Green</u>, 2:03-cr-20044 at Doc. #70]

On January 29, 2008 he was released from State custody and placed in BOP custody. [Doc. #1-2, p. 2]

On October 13, 2008 petitioner submitted an Inmate Request to Staff asking for credit on his federal sentence for the period between March 11, 2004 (two days after the date of his arrest by the Sulphur Police) and January 29, 2008 (the date he was released from State custody and entered into the custody of the BOP).

3

Petitioner was directed to utilize the BOP's administrative remedies procedures. [Doc. #1-3, p. 1]

Thereafter he submitted an informal Request for Administrative Remedy to the staff at Federal Corrections Institute, Yazoo City, Mississippi, seeking jail time credits for the period between July 21, 2003 and March 9, 2004, the time he was held in the Calcasieu Parish Jail awaiting the imposition of his federal sentence. [*Id.*, p. 2] On November 23, 2008 he submitted a formal Request seeking "...*nunc pro tunc* designation on the time I spent in State custody..." [*Id.*, p. 3] That request was rejected on December 10, 2008. [*Id.*, p. 6] He appealed this decision on December 11, 2008. [*Id.*, p. 5] On February 2, 2009 the Regional Administrator rejected petitioner's grievance noting, "... the credit you request is precluded under Title 18 U.S.C. §3585(b)." [*Id.*, p. 7] His appeal to the National Inmate Appeals was rejected on April 3, 2009 as follows, "The federal court ordered your federal sentence to be served consecutive to any other sentence. Therefore your federal sentence could not commence until your Louisiana state sentence was completed... Additionally, Bureau of Prisons Program Statement 5880.28 states 'A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was

imposed that has not been credited against another sentence.' In you case the state did credit you with all the time you spent in federal custody while on writ. Your sentence computation has been computed correctly." [*Id.*, pp. 8-9]

Petitioner filed the instant petition on February 11, 2010. He claims he is entitled to *habeas relief* because the BOP failed to review his application for *nunc pro tunc* designation pursuant to <u>Barden v. Keohane</u>. He also claims that he spent time in State custody that was not credited towards his state sentence.

### Law and Analysis

### 1. Title 18 U.S.C. §3585.

Since success in this endeavor would entitle petitioner to a speedier release from custody, *habeas corpus* provides the appropriate remedy. See <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (explaining that the function of *habeas corpus* is to secure immediate or speedier release from unlawful imprisonment). Further, since petitioner is challenging the manner in which his sentence is being executed, a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 is the correct mechanism for this challenge. See <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir.2001). Petitioner, however, is entitled to relief pursuant to §2241 only if he can demonstrate that "...[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

For offenses committed after November 1, 1987, federal sentence computation is governed by 18 U.S.C. §3585. <u>United States v. Wilson</u>, 503 U.S. 329, 332 (1992). That statute, entitled "Calculation of a term of imprisonment," provides in pertinent part:

> (b) Credit for prior custody. <u>A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences</u>
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> <u>that has not been credited against another sentence.</u>
> (Emphasis supplied)

Petitioner was taken into custody by Louisiana officials upon his arrest by the Sulphur Police Department on March 9, 2003. Louisiana retained primary jurisdiction over petitioner, releasing him only for a relatively short time to the United States Court via a writ of *habeas corpus ad prosequendum*. Petitioner remained in the custody of Louisiana officials until he satisfied the state sentence imposed as a result of the revocation of his parole. Only then was he released to federal custody to begin serving his Federal sentence.

Petitioner denies it, but it is clear that he was given credit against his Louisiana sentence for all of the time he served in

custody from the date of his arrest in Sulphur until the date he was released from State to federal custody. While it is true that petitioner's final revocation hearing took place on May 26, 2004, his parole was revoked when he was convicted of the felony he committed while on parole and that parole revocation occurred by operation of law <u>as of the date of the commission of the new offense</u>.[1] See Doc. #1-3, p. 14, citing La. R.S.15:574.10 which provides–

> When a person is convicted in this state of a felony committed while on parole or is convicted under the laws of ... the United States ... of an offense committed while on parole, and which if committed in this state would be a felony, <u>his parole shall be deemed revoked as of the date of the commission of the felony</u> ... The term for which the defendant shall be imprisoned as a parole violator shall be the same as that provided in cases of revocation of parole for violation of the conditions of parole. <u>The new sentence of imprisonment shall be served consecutively to the term of imprisonment for violation of parole unless a concurrent term of imprisonment is directed by the court</u>.

Under the plain language of the above cited statutes, petitioner cannot obtain credit against his federal sentence for time served prior to the date he was released to federal custody since he has already received that benefit with respect to his Louisiana parole revocation sentence. <u>Wilson</u>, 503 U.S. at 337 (stating that Congress made clear in § 3585(b) that "a defendant could not receive double

---

[1] Indeed, the sentence computation documents provided by petitioner do not support his claim. The document entitled "Violator File Maintenance" shows that he was originally released on parole on July 20, 2002 and, that he was arrested and sentenced with regard to his parole revocation on March 9, 2003 and, it was this latter date that was used to calculate the "Balance Owed" of 3620 days. [See Doc.#1-3, p. 13]

credit for his detention time").

Finally, petitioner was not entitled to any consideration of his request for *nunc pro tunc* designation pursuant to Barden v. Keohane. Pursuant to Barden v. Keohane, 921 F.2d 476 (3d. Cir.1990), the BOP considers an inmate's request for credit as a request for a retroactive designation of the state prison as a federal prison for purposes of sentence computation. The issue can arise only in those instances where the federal judgment is silent or otherwise ambiguous as to whether the federal sentence should be served consecutively or concurrently with the state sentence. Compare McCarthy v. Doe, 146 f.3d 118 (2nd Cir. 1998); Rogers v. United States, 180 F.3d 349, 356 (1st Cir. 1999)(The Bureau of Prisons may make such a designation in *nunc pro tunc* fashion where the federal sentencing court is silent as to whether a federal sentence should run concurrently with "a not-yet-imposed state sentence.").

Here, there was no ambiguity. The federal sentence was not silent on the issue. Judge Haik specified that petitioner's sentence be served CONSECUTIVE to the Louisiana parole revocation sentence, and, the Louisiana statutory scheme itself mandates the imposition of CONSECUTIVE sentences in such circumstances where Louisiana parole is revoked based upon the commission of a felony while on parole.

### *Conclusion and Recommendation*

In short, petitioner has not shown that he is in custody in violation of the Constitution and laws of the United States and therefore his petition for *habeas corpus* must be dismissed for failing to state a claim for which relief may be granted. Therefore,

**IT IS RECOMMENDED THAT** petitioner's Application for Federal Writ of *Habeas Corpus* Under 28 U.S.C. §2241 be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>**, 79 F.3d 1415 (5th Cir.

1996).

In Chambers, Alexandria, Louisiana, _May 12_, 2010.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE